IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-68,446-01 & WR-68,446-02






EX PARTE DANNY RAY LACY, JR., Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 9912204A & 9915507A IN THE 8TH JUDICIAL DISTRICT COURT


FROM HOPKINS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty in these causes
to one charge of aggravated robbery and one charge of aggravated assault, and was sentenced to life
imprisonment for the aggravated robbery and twenty years' imprisonment for the aggravated assault,
to be served concurrently. He did not appeal his convictions. 

 Applicant contends, inter alia, that his pleas were involuntary, that his trial counsel was
ineffective, and that his convictions in these two causes violate the constitutional prohibition on
double jeopardy. This Court remanded the matter to the trial court to obtain an affidavit from trial
counsel, to supplement the habeas record, and to obtain findings of fact and conclusions of law
regarding Applicant's claims. Trial counsel submitted an affidavit responding to Applicant's
allegations. The trial court entered findings that the facts asserted in counsel's affidavit are true. 
However, the facts asserted in counsel's affidavit are inconsistent with the contents of the
supplemental records in these causes. 

 In his affidavit, counsel states that Applicant pleaded guilty to these two charges pursuant
to an agreement whereby the State would not pursue two other aggravated assault charges arising
out of the same incident. Although Applicant pleaded for the maximum sentence in both of these
causes, the State would agree not to seek stacked sentences. The supplemental record, however,
reflects that Applicant pleaded guilty to all four charges, and received the maximum sentence for all
four charges. The two aggravated assault charges not challenged by these writs alleged aggravated
assaults against two other complainants during the course of the same aggravated robbery. However,
the aggravated assault charged in Cause No. 9915504A alleged the same complainant as the
aggravated robbery charged in Cause No. 9915507A. 

 Because the only information in the habeas record regarding the facts of these offenses is the
recitation of the facts contained in counsel's affidavit, it remains unclear whether Applicant could
have been convicted at trial of both the aggravated robbery and the aggravated assault against the
same complainant. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether there were
additional charges pending against Applicant which were dismissed pursuant to this plea agreement. 
If so, the trial court shall supplement the record with copies of the charging instruments in those
cases. If, as the record suggests, Applicant pleaded guilty to all four of the charged offenses in
exchange for concurrent maximum sentences, the trial court shall make findings as to whether
Applicant could have been charged with separate aggravated assaults against the same complainant,
based on the facts of the case. If the trial record contains any account of the facts of this case,
including police reports, stipulations, or any other evidence introduced to support the pleas, the trial
court shall supplement the habeas records with copies of such documents. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 5, 2008

Do not publish